UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VANESSA A. COLE,

       Plaintiff,

v.                                                                          Case No. 1:22-cv-926

                                                      Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant,

_____/

**OPINION**

       Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) which denied her application for disability insurance benefits (DIB).

       On April 16, 2020, plaintiff filed an application for DIB alleging a disability onset date of August 1, 2019.  PageID.60.  Plaintiff identified her disabling condition as a back injury. PageID.328.  Prior to applying for DIB, plaintiff completed a Bachelor's Degree in Business Administration and had past relevant work as: a supervisor/clerk & material clerk (composite job)[1]; a budget clerk; a budget clerk & file clerk (composite job); a payroll clerk; and, a retail store manager & sales clerk (composite job).  PageID.71-72, 90, 328.  An administrative law judge

---

[1] Social Security Ruling (SSR) 82-61, 1982 WL 31387 at *3, refers to the term "composite jobs" as follows, "[C]omposite jobs have significant elements of two or more occupations and, as such, have no counterpart in the DOT [*Dictionary of Occupational Titles*]. Such situations will be evaluated according to the particular facts of each individual case." *See, e.g.*, *Smith v. Commissioner of Social Security*, No. 1:14-cv-920, 2015 WL 5592793 at *3 (W.D. Mich. Sept. 22, 2015).

(ALJ) reviewed plaintiff's application de novo and entered a written decision denying benefits on June 1, 2022.  PageID.60-73.  This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I.   LEGAL STANDARD

"The federal courts review the Commissioner's factual findings for substantial evidence and give fresh review to its legal interpretations."  *Taskila v. Commissioner of Social Security*, 819 F.3d 902, 903 (6th Cir. 2016).  This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence.  42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990).  "[T]he threshold for such evidentiary sufficiency is not high."  *Biestek v. Berryhill*, -- U.S. --, 139 S. Ct. 1148, 1154 (2019).  "Substantial evidence, this Court has said, is more than a mere scintilla. It means — and means only — such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.* (internal quotation marks and citations omitted).

A determination of substantiality of the evidence must be based upon the record taken as a whole.  *Young v. Secretary of Health and Human Services*, 925 F.2d 146 (6th Cir. 1990). The scope of this review is limited to an examination of the record only.  This Court does not review the evidence de novo, make credibility determinations, or weigh the evidence.  *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).  The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988).  "If the [Commissioner's] decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports

the opposite conclusion." *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994).

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant

3

is or is not disabled at any point in the evaluation process, further review is not necessary.  *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II.    ALJ's DECISION

Plaintiff's application for DIB failed at the fourth step of the evaluation.  At the first step, the ALJ found that plaintiff has not engaged in substantial gainful employment since the onset date of August 1, 2019, and met the insured status requirements of the Social Security Act through December 31, 2023.  PageID.63.  At the second step, the ALJ found that plaintiff had severe impairments of: cervical and lumbar spine degenerative disc disease; and obesity. PageID.63. At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1.  PageID.64.

The ALJ decided at the fourth step that:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a reduced range of light work as defined in 20 CFR 404.1567(b). Specifically, she can lift and carry no more than 20 pounds occasionally and 10 pounds frequently.  She can stand and/or walk about four hours and sit about six hours in an eight-hour workday.  After approximately an hour of sitting, she would need to get up and stretch for a few brief moments.  She is limited to no more than frequent pushing and pulling with the upper and lower extremities. She can frequently climb ramps and stairs, but should never climb ladders, ropes, or scaffolds. She can frequently balance, and can occasionally stoop, kneel, crouch, and crawl.  She is limited to no more than frequent reaching bilaterally.  She cannot feel with the index, middle, and ring fingers of her left hand, but has no difficulty feeling with the other digits on her left and rights [sic] hands.  She can tolerate just occasional exposure to extreme cold, extreme heat, and vibration.

PageID.65.

At the fourth step, the ALJ found that plaintiff is capable of performing her past relevant work as a payroll clerk, work which does not require the performance of work-related

activities precluded by her residual functional capacity (RFC).  PageID.71.  The ALJ explained as follows:

> The vocational expert testified that an individual of the claimant's age, education, past work experience, and residual functional capacity could perform the claimant's past relevant work as a Payroll Clerk.  In comparing the claimant's residual functional capacity with the physical and mental demands of this work, I find that the claimant is able to perform the job as Payroll Clerk as actually and generally performed.  Because the residual functional capacity is in the light exertion category and the claimant has past relevant work (i.e., as a payroll clerk in the semiskilled sedentary category as generally/actually performed), I accept the VE testimony pursuant to SSR 00-4P.
>
> I note that a payroll clerk is semiskilled and SVP-4, which takes three to six months to learn.  The claimant testified that she performed the job of payroll clerk at Life Solutions Inc. for about three months in 2016.  I find that she performed this job long enough to satisfy the SVP level because before she had this job, she had worked as an accounting supervisor at Douglas Autotech for over a year and 3/4, as a financial analyst for several years for Tekonsha Acquisition Corp. and Oncore Management, and as an accountant for Horizon Global America for about two years.  Thus, the claimant had significant financial/accounting experience before she performed the accounting clerk job at Life Solutions and thus met the qualifications for the payroll clerk job.

PageID.72-73.

Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from August 1, 2019 (the disability onset date) through June 1, 2022 (the date of the decision).  PageID.73.

## III.    DISCUSSION

Plaintiff raises one issue on appeal:

**The decision is fatally defective because no findings were based upon a preponderance of the evidence per regulation 20 C.F.R. 404.953 (SSI Counterpart 20 C.F.R. 416 1453).**

The regulations require an ALJ's written decision to be based on the preponderance of the evidence:

> The administrative law judge shall issue a written decision that gives the findings of fact and the reasons for the decision. The administrative law judge must base the decision on the preponderance of the evidence offered at the hearing or otherwise included in the record.

20 C.F.R. § 404.953(a).  The gist of plaintiff's claim is that the ALJ made "no preponderance findings" in her decision:

> In the case under consideration, no preponderance findings were made at all.  This is harmful error because the ALJ has not demonstrated that the evidence was properly analyzed and weighed according to the proper standard.  Until the ALJ demonstrates use of the proper standard and use of the analysis and weighting associated with the proper standard, the decision cannot be meaningfully reviewed. *Cf. Herron v. Shalala*, 19 F. 3d. 329, 333-334 (7th Cir. 1994).  In other words, by not associating any of the findings with the preponderance of the evidence standard, essentially the ALJ has made no findings.  If there are no findings, then said findings cannot be reviewed.  If they cannot be reviewed then substantial evidence review cannot be conducted.

Plaintiff's Brief (ECF No. 15, PageID.858.

> In response, defendant points out that

> Plaintiff makes a general argument that the ALJ's decision must be based upon a preponderance of the evidence pursuant to 20 C.F.R. § 404.953(a). While true, Plaintiff does not explain how or why the decision fails to meet that standard. The ALJ made all the requisite findings under the sequential evaluation process, including a symptom evaluation, consideration of the opinion evidence and prior administrative medical findings, a residual functional capacity (RFC) assessment, and a determination that Plaintiff could perform her past relevant work.

Defendant's Brief (ECF No. 16, PageID.861).

In addition, defendant points out that "[p]laintiff's argument fails because the Court reviews the ALJ's decision under the substantial evidence standard, which is a very deferential standard and a lower standard than the preponderance of the evidence standard." *Id*. at PageID.862.  *See Jones*, 336 F.3d at 477 ("the Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence, supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ").

6

Defendant's brief explained the substantial evidence which supports that ALJ's decision (*see* PageID.872-875) and noted that,

> Plaintiff does not point to any specific errors in the decision, nor does she cite any medical evidence that undermines the ALJ's decision. Simply put, Plaintiff does not challenge *any* of the ALJ's findings or make any relevant arguments. Thus, Plaintiff has waived any argument that the ALJ's decision is not supported by substantial evidence.

PageID.866 (emphasis in original) (citations omitted).  Plaintiff did not file a reply brief addressing the evidence or defendant's arguments.

In summary, plaintiff presented a conclusory argument which did not explain how the ALJ failed to apply the appropriate standard in reaching her decision.  "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.  It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to  . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997).  Accordingly, this claim of error is denied.

Finally, the Court has reviewed the ALJ's decision and the evidence cited therein.  Based on this review, the Court finds that the ALJ's decision is supported by substantial evidence.

## IV.    CONCLUSION

For these reasons, the Commissioner's decision will be **AFFIRMED**.  A judgment consistent with this opinion will be issued forthwith.


Dated:  February 27, 2024                    /s/ Ray Kent
                                             RAY KENT
                                             United States Magistrate Judge